1 MICAH R. JACOBS (State Bar No. 174630)
Email: mjacobs@mbvlaw.com
2 MBV LAW LLP
855 Front Street
3 San Francisco, California 94111
Telephone: (415) 781-4400
4 Facsimile: (415) 989-5143

5 Attorneys for Plaintiff
MAXIMUM AVAILABILITY LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIMUM AVAILABILITY LIMITED, a New Zealand limited liability company<br><br>Plaintiff,<br><br>v.<br><br>VISION SOLUTIONS, INC., a Delaware corporation; WILLIAM HAMMOND, an Individual<br><br>Defendants. | CASE NO. CV-09-5745-CRB<br><br>**EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>[SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ALLAN CAMPBELL AND HEATHER JONES FILED SEPARATELY]<br><br>**Date:** TBA<br>**Time:** TBA<br>**Judge:** Hon. Charles R. Breyer<br><br>**Complaint Filed:** December 7, 2009 |

1     TO THE HONORABLE CHARLES R. BREYER, ALL PARTIES AND THEIR
2 ATTORNEYS OF RECORD:

3     PLEASE TAKE NOTICE THAT Plaintiff MAXIMUM AVAILABILITY LTD. ("Plaintiff" or "MAXIMUM") hereby applies *ex parte* for a temporary restraining order seeking to immediately stop Defendants VISION SOLUTIONS, INC. ("VISION") and WILLIAM HAMMOND ("HAMMOND") (collectively, "Defendants") from further distributing numerous false and misleading comparative marketing materials about Plaintiff's products and services, and in particular, orders that:

(1) Defendant VISION and its officers, agents, servants, employees, attorneys, successors, assigns, and all others in active concert or participation with VISION, shall immediately cease distribution of the allegedly false and/or misleading statements reflected in the exhibits and materials submitted for this Court's consideration, or any part thereof, in whatever format, including verbal;

(2) Within five (5) business days of the effective date of the Order, VISION shall disclose to Plaintiff a list of all third parties who received any of the allegedly false or misleading statements in any form, either written or oral, which such list shall include the full details (including names and contact details) of each person or entity who received any of the false and/or misleading statements in any format orally or in writing;

(3) Within ten (10) business days of the effective date of the Order, VISION shall deliver all infringing marketing and advertising materials (such as marketing, promotional materials, labels, electronic files including product presentations, etc.) in whatever medium to MAXIMUM along with an affidavit from VISION confirming, under oath, that all copies of any infringing material have been recovered and delivered to MAXIMUM, and that all recipients have been disclosed; and

(4) Within ten (10) business days of the effective date of the Order, VISION shall distribute corrective marketing statements in a form prepared by, or authorized by, MAXIMUM, to all recipients of the information confirming that the information relating to noMAX is

1

*EX PARTE* APPLICATION FOR TRO AND OSC RE PRELIMINARY INJUNCTION
– CASE NO. CV-09-5745-CRB

23832.01\\423773.DOC

1  incorrect and must be destroyed/deleted, and confirmation of delivery provided to
2  MAXIMUM.

3  Plaintiff also requests that the Court issue an order for Defendants to show cause, if any they have, as to why a preliminary injunction should not issue enjoining all such false advertising during the pendency of this action.

This application is based upon Sections 34(a) and 43(a) of Lanham Act, 15 U.S.C. § 1125(a), and California Business and Professions Code § 17500, *et seq.,* which authorize the issuance of temporary restraining orders and preliminary injunctions to enjoin false and misleading advertising, and the fact that Defendant HAMMOND authored and Defendant VISION has been disseminating at least two documents (and possibly more) that contain numerous false and misleading statements about Plaintiff and its products and services in the guise of comparative advertisements.

Plaintiff further requests, respectfully, that the Court set the hearing date on the OSC re Preliminary Injunction to proceed on February 19, 2010 at 10:00 a.m., which is the same date and time currently scheduled for this Court to hear and consider the Defendant's respective motions to dismiss and/or transfer venue of this action.  Plaintiff proposes that Defendants should file their Opposition papers to the OSC re Preliminary Injunction on or before February 4, 2010, and that Plaintiff shall file its Reply papers on February 12, 2010.

This Application is made on the ground that immediate and irreparable injury will result to Plaintiff unless Defendants' unlawful false advertising is enjoined pending trial.  The Application will be based upon the notice contained in this Application, the attached Memorandum of Points and Authorities, the Declarations of Allan Campbell and Heather Jones, which are being filed concurrently herewith, and such other evidence and arguments that may be submitted to the Court at the time of or before this matter is heard.

DATED:  January 27, 2010               MBV LAW LLP

By */s/ Micah R. Jacobs*
   MICAH R. JACOBS
   Attorneys for Plaintiff
   MAXIMUM AVAILABILITY LIMITED

2

*EX PARTE* APPLICATION FOR TRO AND OSC RE PRELIMINARY INJUNCTION – CASE NO. CV-09-5745-CRB